IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DERRICK PETTIFORD, | : | |
| | : | |
| Petitioner, | : | |
| | : | 7 : 07-CR-3-002 (HL) |
| VS. | : | 28 U.S.C. § 2255 |
| | : | 7 : 14-CV-107 (HL) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## RECOMMENDATION

Petitioner filed Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on July 1, 2014.  (Doc. 77).   Petitioner's Motion to Vacate is now before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner was indicted in this Court on January 12, 2007 on charges of conspiracy to distribute cocaine base, and distribution of cocaine base.  *U.S. v. Pettiford*, Criminal Action No. 7:07-CR-3-002 (Doc. 1).   On May 23, 2007, Petitioner entered into a negotiated plea, and pleaded guilty to distribution of cocaine base.  (Docs. 41, 44, 45).  On August 30, 2007, Petitioner was sentenced to 151 months imprisonment, to be followed by 3 years of Supervised Release.  (Docs. 51, 56).  Petitioner's conviction became final on September 17, 2007, ten (10) days after the entry of judgment on September 5, 2007, when the time for filing a notice of appeal expired.[1, 2]   On July

---

[1] The ten (10) day time period expired on Saturday, September 15, 2007, giving Petitioner until September 17, 2007 to file his notice of appeal.

[2] When the district court's judgment was entered in Petitioner's case, Federal Rule of Appellate Procedure 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment.  Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

1, 2014, Petitioner filed his Motion to Vacate pursuant to 28 U.S.C. § 2255.  (Doc. 77).

Petitioner appears to assert that his motion is timely pursuant to 28 U.S.C. 2255(f)(3), because *Alleyne v. United States*, 133 S.Ct. 2151 (2013), decided on June 17, 2013, created a newly recognized right.  (Doc. 77).  The *Alleyne* decision addresses whether judicial fact-finding is permissible where it increases the mandatory minimum sentence.  Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"The Supreme Court has not declared that its decision in *Alleyne* is to be given retroactive effect."  *Abraham v. U.S.*, 2013 WL 6913185, * 7 (S.D. Fla., Dec. 31, 2013); *U.S. v. Harris*, 741 F.3d 1245, 1250, n. 3 (11th Cir. 2014) (consideration of *Alleyne* claim on direct appeal "is not intended to suggest that *Alleyne* applies retroactively to cases on collateral appeal"); *Murphy v. U.S.*, 2014 WL 1388403, *5 (N.D. Ala., April 9, 2014) ("courts within this Circuit have found that *Alleyne* has not been made retroactive to cases on collateral review").  Petitioner has not shown, and the undersigned does not find, that *Alleyne* is a newly recognized right that the Supreme Court made retroactive on collateral review.

Petitioner did not file this § 2255 Petition within one year of a Supreme Court decision initially recognizing the right he asserts, made retroactively available to cases on collateral review, and his Petition is accordingly untimely under § 2255(f)(3). The limitations period ran on September 17, 2008, which is 1 year after Petitioner's judgment became final. Petitioner did not file this habeas Petition until July 1, 2014, which was more than five years and nine months after the limitations period had run. This § 2255 Motion is untimely filed, and it is the recommendation of the undersigned that Petitioner's § 2255 Motion be **DISMISSED**.

The Court also notes that Petitioner referenced 18 U.S.C. § 3582 in his Petition. (Doc. 77). The district judge assigned to this case denied Petitioner's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 on April 7, 2009, because the Court was without authority to modify Petitioner's sentence under § 3582. (Doc. 72). Petitioner has provided no new information showing that the Court has authority to reduce Petitioner's sentence under 18 U.S.C. § 3582.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 10th day of July, 2014.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                UNITED STATES MAGISTRATE JUDGE

llf